UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**UNITED STATES OF AMERICA,**

        Plaintiff,

                              **HONORABLE AVERN COHN**

   v.

                              **No. 05-80955-2**

**DEMETRIUS EDWARD FLENORY (2),**

        Defendant.
_____/


**PLEA HEARING**

**Monday, November 19, 2007**

Appearances:

| | |
|---|---|
| Michael C. Leibson | |
| Dawn N. Ison | James L. Feinberg |
| U.S. Attorney's Office | Law Offices |
| 211 W. Fort Street, #2300 | 2632 Buhl Building |
| Detroit, Michigan  48226 | Detroit, Michigan 48226 |
| (313) 226-9100 | (313) 962-8280 |
|   On behalf of Plaintiff | |
| | Drew Findling |
| | Alixe E. Steinmetz |
| | Findling Law Firm |
| | 3490 Piedmont Road, #600 |
| | Atlanta, Georgia  30305 |
| | (404) 460-4500 |
| |   On behalf of Defendant |

                   -  -  -
*To obtain a certified transcript, contact:*
*Sheri K. Ward, Official Court Reporter*
*Theodore Levin United States Courthouse*
*Detroit, Michigan*
*(313)965-4401 • sward@fedreporter.com*
*Proceedings recorded by mechanical stenography.*
*Transcript produced by computer-aided transcription.*

*Plea Hearing*
*Monday, November 19, 2007*

**I N D E X**

<u>Plea Hearing</u>                                          <u>Page</u>

Factual Basis for the Plea .....................11

Findings of the Court ..........................15

Certification of Reporter ......................16

- - -

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

```
 1                                    Detroit, Michigan
 2                                    Monday, November 19, 2007
 3                                    2:08 p.m.
 4                              -  -  -
```

 5    **THE CLERK:** Now calling Case Number 05-80955,
 6    *United States of America v. Demetrius Flenory*, Defendant
 7    Number 2.  Will counsel please identify themselves for the
 8    record.

 9    **MS. ISON:** For the record, Your Honor, Dawn Ison
10    for the government and Michael Leibson.

11    **MR. FEINBERG:** James L. Feinberg, Drew Findling,
12    and Alixe Steinmetz for Mr. Flenory, and Mr. Flenory is to
13    my left.

14    **THE COURT:** I recognize him by the color of his
15    clothing.

16    You are Demetrius Flenory?

17    **THE DEFENDANT:** Yes.

18    **THE COURT:** You are the person named in the
19    indictment returned October 20, 2005?

20    **THE DEFENDANT:** Yes, sir.

21    **THE COURT:** And you are here to plead guilty to
22    Counts 3 and 10?

23    **THE DEFENDANT:** Yes.

24    **THE COURT:** Before accepting your plea I have a
25    number of questions to ask to be sure it's a good plea and

1   you know what you are doing.  If you don't understand a
2   question, say so.  If you want to talk to your lawyer, say
3   so.
4            Swear the defendant.
5            **THE CLERK:**  Raise your right hand.
6                         -   -   -
7                    **DEMETRIUS FLENORY,**
8         being first duly sworn by the deputy clerk to
9            tell the truth, was examined and testified
10           upon his oath as follows:
11           **THE COURT:**  Do you understand if you don't answer
12  a question truthfully you can be charged with perjury?
13           **THE DEFENDANT:**  Yes.
14           **THE COURT:**  How old are you, sir?
15           **THE DEFENDANT:**  39.
16           **THE COURT:**  How far did you go in school?
17           **THE DEFENDANT:**  10th grade.
18           **THE COURT:**  Have you ever been under a doctor's
19  care or in a hospital for drug addiction?
20           **THE DEFENDANT:**  No.
21           **THE COURT:**  Have you had any drugs or medicine or
22  anything to drink in the last 24 hours?
23           **THE DEFENDANT:**  No.  Well, I had an acid reflux
24  pill.
25           **THE COURT:**  Okay.  Do you have a lawyer?

1     **THE DEFENDANT:** No. A wire, what?

2     **THE COURT:** A lawyer.

3     **THE DEFENDANT:** Yes.

4     **THE COURT:** You have a lawyer, right? Right?

5     **THE DEFENDANT:** I have a lawyer, yes.

6     **THE COURT:** Okay. Have you had a chance to talk
7 to your lawyers?

8     **THE DEFENDANT:** Yes.

9     **THE COURT:** And you are satisfied with them?

10     **THE DEFENDANT:** Yes.

11     **THE COURT:** You understand that under our
12 Constitution and laws you are entitled to a jury trial on
13 the charges against you?

14     **THE DEFENDANT:** Yes.

15     **THE COURT:** You understand if there was a trial
16 you would be presumed innocent, the government would have to
17 overcome the presumption, prove you guilty by competent
18 evidence beyond a reasonable doubt, and you would not have
19 to prove you were innocent?

20     **THE DEFENDANT:** Yes.

21     **THE COURT:** Do you understand if there was a trial
22 witnesses for the government would have to come in the
23 courtroom and testify in front of you, your lawyer could
24 cross-examine the witnesses, object to the evidence offered
25 by the government, and offer evidence on your behalf?

1    **THE DEFENDANT:** Yes.

2    **THE COURT:** You understand if there was a trial
3    you would have the right to use subpoenas to force the
4    attendance of witnesses whether they wanted to come into the
5    courtroom or not?

6    **THE DEFENDANT:** Yes.

7    **THE COURT:** You understand if there was a trial
8    you would have the right to testify if you wanted to, you
9    would have the right not to testify, and no inference or
10   suggestion of guilt could be drawn from the fact that you
11   did not testify?

12   **THE DEFENDANT:** Yes.

13   **THE COURT:** You understand if you plead guilty and
14   I accept your plea you waive your right to a trial and all
15   of the other rights I have described, there is not going to
16   be a trial, and I will simply enter a judgment of guilty and
17   sentence you on the basis of your guilty plea?

18   **THE DEFENDANT:** Yes.

19   **THE COURT:** If you plead guilty you also
20   understand you waive your right not to incriminate yourself
21   since I may ask you questions about what you did to satisfy
22   myself that you are guilty and you will have to acknowledge
23   the fact that you are guilty?

24   **THE DEFENDANT:** Yes.

25   **THE COURT:** Considering all that I have said, are

1    you willing to give up all of these rights and plead guilty?
2                **THE DEFENDANT:**  Yes.
3                **THE COURT:**  Have you read the indictment?
4                **THE DEFENDANT:**  Yes.
5                **THE COURT:**  Have you discussed with your lawyer
6    the charges, particularly Counts 3 and 10 which you intend
7    to plead guilty to?
8                **THE DEFENDANT:**  Yes.
9                **THE COURT:**  In Count 3 the offense is continuing
10   criminal enterprise.  Do you know what the maximum
11   punishment under law is for that?
12               **THE DEFENDANT:**  Yes, life.
13               **THE COURT:**  Count 10 is money laundering.  Do you
14   know what the maximum punishment under the law is for that?
15               **THE DEFENDANT:**  I think 20.
16               **THE COURT:**  That's right.  Has anyone threatened
17   you or forced you to plead guilty?
18               **THE DEFENDANT:**  No, sir.
19               **THE COURT:**  There has been a plea agreement --
20               **MS. ISON:**  On the CCE, Your Honor, there is a
21   mandatory minimum as well.
22               **THE COURT:**  Okay.  Well, all I asked him is if he
23   understands the maximum under the law.
24               There has been a plea agreement between you and
25   the government, right?

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  What's your understanding of the
 3     agreement?
 4              THE DEFENDANT:  That I won't be enhanced.
 5              THE COURT:  Pardon?
 6              THE DEFENDANT:  That I couldn't be --
 7              THE COURT:  Well, first of all, what's the
 8     sentencing range?
 9              THE DEFENDANT:  30 to life.
10              THE COURT:  And that's on the basis of guidelines?
11              THE DEFENDANT:  Right.
12              THE COURT:  That's a recommended?
13              THE DEFENDANT:  Right.
14              THE COURT:  And that takes into account your
15     criminal history and the nature of your offenses?
16              THE DEFENDANT:  Right.
17              THE COURT:  And there's a minimum, right?
18              THE DEFENDANT:  30.
19              THE COURT:  20 years, right?
20              MS. ISON:  That's by statute, Your Honor.
21              THE COURT:  By law, but there's also a provision
22     in the agreement, isn't there, that I can't --
23              MR. FEINBERG:  No, the agreement is that the
24     guidelines are 30 to life, but --
25              THE COURT:  Let me do it.
```

```
 1            MR. FEINBERG:  Okay.  I'm sorry.
 2            THE COURT:  You know, that's why I took the job.
 3            However, the Court must impose a sentence of
 4   imprisonment on Count 3 of at least 20 years.
 5            MR. FEINBERG:  Yes.
 6            THE COURT:  That's a provision of the agreement,
 7   right?
 8            MR. FEINBERG:  Yes.
 9            THE DEFENDANT:  On both counts.
10            THE COURT:  Well, I understand, but there is a
11   provision that I have to give you at least 20 years?
12            THE DEFENDANT:  Right.
13            THE COURT:  And if I don't the government can
14   withdraw from this deal?
15            THE DEFENDANT:  Right.
16            THE COURT:  Okay.  When you go to prison after you
17   get out there's a period of supervised release?
18            THE DEFENDANT:  Yes.
19            THE COURT:  Right?
20            THE DEFENDANT:  Yes.
21            THE COURT:  There is also a $200 special
22   assessment, right?
23            THE DEFENDANT:  Yes.
24            THE COURT:  And I can impose a fine on either
25   count up to $250,000, right?
```

1    **THE DEFENDANT:** Yes.

2    **THE COURT:** And if I let you withdraw your guilty
3    plea for any reason, they can use these statements made here
4    today against you, right?

5    **THE DEFENDANT:** I guess, yes.

6    **THE COURT:** Okay. And there is also a forfeiture,
7    but there is nothing specific set forth in the forfeiture,
8    right?

9    **THE DEFENDANT:** Right.

10   **THE COURT:** And if I accept this agreement and we
11   go forward, any other charges against you are dismissed,
12   right?

13   **THE DEFENDANT:** Yes.

14   **THE COURT:** And if we don't exceed what the
15   agreement says, you have no right to appeal, right?

16   **THE DEFENDANT:** Right.

17   **THE COURT:** And if it should turn out that your
18   criminal history is different than that which you have all
19   agreed upon, I can go higher, right, but you can't get out
20   of it?

21   **THE DEFENDANT:** Go higher than what, 30?

22   **THE COURT:** Yeah. I don't know how I can go
23   higher because I think that -- but there is that provision,
24   is there not?

25   **MR. LEIBSON:** There is. It's a standard

1  provision, but it's essentially moot.
2          **THE COURT:** What? You agreed that his criminal
3  history is 2?
4          **MR. LEIBSON:** Yes.
5          **THE COURT:** Okay.
6          **MS. ISON:** Yes, Your Honor.
7          **THE COURT:** Okay. Have we now gone over the
8  agreement?
9          **MS. ISON:** Yes.
10         **MR. FEINBERG:** Yes.
11         **THE COURT:** Has anyone made any promises to you
12 other than this plea agreement to get you to plead guilty?
13         **THE DEFENDANT:** No.
14         **THE COURT:** You know I'm not obligated to accept
15 this agreement, and if I don't, I'll tell you here in open
16 court, in which event you can continue your plea or withdraw
17 it, but I'm not bound by it?
18         **THE DEFENDANT:** Yes.
19         **THE COURT:** Has anyone made any prediction or
20 prophesy or promise to you as to what I'm going to do?
21         **THE DEFENDANT:** No.
22         **THE COURT:** Did you, as charged in Count 3, engage
23 in a continuing criminal enterprise?
24         **THE DEFENDANT:** Yes.
25         **THE COURT:** What did you do?

```
 1              THE DEFENDANT:  I --
 2              THE COURT:  You don't have to go into all of the
 3     details, but briefly.
 4              THE DEFENDANT:  I just, I was the leader of a few
 5     individuals that was involved in the case.
 6              THE COURT:  You were a leader of a group of people
 7     who were involved --
 8              THE DEFENDANT:  Yeah, I supervised them.
 9              THE COURT:  Supervised them.  Involved in dealing
10     in controlled substances?
11              THE DEFENDANT:  Yes.
12              THE COURT:  And laundering money?
13              THE DEFENDANT:  Yes.
14              THE COURT:  And it was an extensive operation?
15              THE DEFENDANT:  Yes.
16              THE COURT:  It lasted a long time?
17              THE DEFENDANT:  Yes, sir.
18              THE COURT:  Okay.  And part of it took place here
19     in Michigan, right?
20              THE DEFENDANT:  Yes.
21              THE COURT:  And you used telephones and other
22     sorts of things, right?
23              THE DEFENDANT:  Yeah.  I didn't use no telephones,
24     but --
25              THE COURT:  You didn't, but others did?
```

*Plea Hearing*
*Monday, November 19, 2007*      13

1      **THE DEFENDANT:** Yes.

2      **THE COURT:** You knew what was going on?

3      **THE DEFENDANT:** Yes.

4      **THE COURT:** And you made money on it?

5      **THE DEFENDANT:** Yes.

6      **THE COURT:** Do you have anything more, Ms. Ison,

7   on Count 3?

8      **MR. LEIBSON:** Yes.

9      **THE COURT:** Go ahead.

10      **MR. LEIBSON:** Would the defendant admit that he

11   supervised at least five other individuals that are named on

12   the indictment?

13      **THE DEFENDANT:** Yes, I did.

14      **MR. LEIBSON:** And that there were at least

15   three transactions that violated Title 21, that is, either

16   cocaine distribution or phone counts, and that he as part of

17   this was involved in at least three of those?

18      **THE DEFENDANT:** Yes.

19      **THE COURT:** Okay. Count 10 charges you with money

20   laundering. Did you engage in money laundering?

21      **THE DEFENDANT:** Yes.

22      **THE COURT:** Tell me what you did.

23      **THE DEFENDANT:** I bought a couple of vehicles.

24      **THE COURT:** Well, you took drug proceeds?

25      **THE DEFENDANT:** Yes.

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

*Plea Hearing*
*Monday, November 19, 2007* 14

1     **THE COURT:** Cash?

2     **THE DEFENDANT:** Yes.

3     **THE COURT:** And you bought things with it?

4     **THE DEFENDANT:** Yes.

5     **THE COURT:** And, by the way, both on Count 3 and

6 Count 10 you knew this was against the law?

7     **THE DEFENDANT:** Yes.

8     **THE COURT:** Anything more?

9     **MS. ISON:** You also purchased real estate in

10 others' names, is that correct, or others purchased real

11 estate on your behalf?

12     **THE DEFENDANT:** Yeah, I leased real estate. I

13 didn't purchase it. I leased it.

14     **MS. ISON:** Did others purchase real estate on your

15 behalf?

16     **THE DEFENDANT:** Yes.

17     **MS. ISON:** And those properties were purchased

18 with drug proceeds?

19     **THE DEFENDANT:** Yes.

20     **MS. ISON:** Okay. And you received a substantial

21 amount of income from your involvement in this conspiracy;

22 is that right?

23     **THE DEFENDANT:** Yes.

24     **MS. ISON:** And you were one of the principal

25 leaders of this organization; is that right?

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*

1     **THE DEFENDANT:** Yes.

2     **THE COURT:** Anything more?

3     **MS. ISON:** I think that does it, Your Honor.

4     **THE COURT:** What?

5     **MS. ISON:** I think that's it.

6     **THE COURT:** Since you acknowledge you are in fact
7     guilty as charged in Count 3 and in Count 10; since you know
8     you have a right to trial and what the maximum punishment
9     is; since you are voluntarily pleading guilty, I accept your
10    plea and enter a judgment of guilty.

11          I find your plea is free and voluntary, you
12    understand the charges and penalties, the plea agreement has
13    been properly executed, and there is a factual basis for the
14    pleas.

15          The clerk is ordered to enter the pleas of guilty.
16    You now stand convicted on Counts 3 and 10. I'm going to
17    obtain a presentence investigation report. Your lawyers
18    will explain to you what that is. You will be expected to
19    cooperate with the probation officer in furnishing
20    information for the report and you will be expected to be
21    back here for the time and date set for your sentencing. If
22    you are in custody, I'm sure you will be. Thank you.

23    **MR. FEINBERG:** Thank you, Judge.

24    **MR. FINDLING:** Your Honor, I do want to let you
25    know because we have talked about this before, we have

1  talked with the government and they have talked with the
2  U.S. Attorney's Office in the Eastern District of Texas.
3  Immediately after the sentencing in this case our
4  understanding is that that U.S. Attorney's Office will
5  dismiss the federal case in the Eastern District of Texas.
6      **MS. ISON:** That is correct, Your Honor.
7      **THE COURT:** Okay. That's part of the agreement?
8      **MS. ISON:** Yes, Your Honor.
9      **MR. FEINBERG:** Thank you, Judge.
10     **THE COURT:** Thank you.
11 (Proceedings concluded at 2:17 p.m.)
12     - - -
13     **C E R T I F I C A T I O N**
14 I, Sheri K. Ward, official court reporter for the
15 United States District Court, Eastern District of
16 Michigan, Southern Division, appointed pursuant to the
17 provisions of Title 28, United States Code, Section 753,
18 do hereby certify that the foregoing is a correct
19 transcript of the proceedings in the above-entitled cause
20 on the date hereinbefore set forth.
21 I do further certify that the foregoing
22 transcript has been prepared by me or under my direction.
23
24 *Sheri Ward*     October 3, 2008
25 Sheri K. Ward     Date Completed
   Official Court Reporter

*05-80955-2; U.S.A. v. Demetrius Flenory (2)*